UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA D. FERRIS | CIVIL ACTION |
| VERSUS | NO. 14-2651 |
| HERCULES OFFSHORE CORPORATION | SECTION A(3) |

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment and Request for Declaratory Judgment (Rec. Doc. 25)** filed by Defendant Hercules Offshore Corporation ("Hercules"). Plaintiff Joshua Ferris ("Ferris") opposes the motion. The motion, set for submission on November 4, 2015, is before the Court on the briefs without oral argument. Trial is set to begin on January 19, 2016.

### I.     Background

Ferris filed suit in this Court on November 20, 2014. (Rec. Doc. 1). Ferris alleges that in September 2012, while aboard a vessel, Ferris suffered severe sinusitis, bronchitis, a ruptured ear drum, and other injuries. (Rec. Doc. 1, Compl. ¶ 5). Since September 2012, Ferris has seen a number of doctors, and their opinions differ on whether his symptoms manifested while aboard the vessel. (Rec. Doc. 25-1; Rec. Doc. 27).

Ferris alleges, among other claims, that Hercules failed to satisfy its maintenance and cure obligations. (Rec. Doc. 1, Compl. ¶ 10). This failure, Ferris alleges, entitles Ferris to attorney's fees and punitive damages. (*Id.*)

1

**II.     Motion for Summary Judgment**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

Maintenance and cure is a "duty imposed upon a shipowner to provide for a [seaman] who becomes ill or injured during his service to the ship." *Silmon v. Can Do II, Inc.*, 89 F.3d 240, 242 (5th Cir. 1996). The duty is "implied in maritime employment contracts between the seaman and his employer and is not premised on the fault or negligence of the shipowner." *Id.* (citing *Aguilar v. Standard Oil Co. of New Jersey*, 318 U.S. 724, 730 (1943); *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1013 (5th Cir. 1995)).

When a shipowner willfully or arbitrarily refuses to provide maintenance and cure to a seaman, the seaman can recover punitive damages. *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380, 388 (5th Cir. 1985) (citing *Holmes v. J. Ray McDermott & Co.*, 734 F.2d 1110, 1118 (5th Cir. 1984)). "No bright line separates the type of conduct that properly grounds an award of punitive damages – a shipowner's willful and callous default in its duty of investigating claims and providing maintenance and cure – from the type of conduct that does not support a punitive damages award." *Harper v. Zapata Off-Shore Co.*, 741 F.2d 87, 90 (5th Cir. 1984). "Examples of employer behavior that could merit punitive damages have included (1) laxness in investigating a claim; (2) termination of benefits in response to the seaman's retention of counsel or refusal of a settlement offer; (3) failure to reinstate benefits after diagnosis of an ailment previously not determined medically." *Id.* (citing *Harper v. Zapata Off-Shore Co.*, 741 F.2d 87, 90 (5th Cir. 1984). Further, the Fifth Circuit has found that when there are conflicting diagnoses and prognoses from various physicians, this raises a question for the jury regarding whether the denial of maintenance and cure was arbitrary and capricious. *Tullos*, 750 F.2d at 389.

Hercules argues that the claim for punitive damages must be dismissed because Ferris never made a demand for maintenance and cure. Hercules fails to persuade the Court that a formal demand is necessary for a finding that the denial of maintenance and cure was arbitrary. Further, in light of the Fifth Circuit's holding that conflicting diagnoses create a question for the jury regarding whether a shipowner acted arbitrarily, the Court finds that the varying opinions from physicians here preclude the Court from granting summary judgment on this issue.

### III. Request for Declaratory Judgment

Hercules seeks a declaration that, if the Court finds Hercules had a duty to pay maintenance and cure, Hercules is entitled to a credit for payments it made to Ferris pursuant to its disability

3

policies. Ferris suggests that a motion for declaratory judgment is not the proper way to seek such relief. Regardless of the propriety of Hercules' procedure, the Court denies the request on the merits, as the Court is not persuaded by Hercules' argument.

The parties here argue about whether Hercules' payments constitute a "collateral source." The parties fail to persuade the Court, however, that the collateral-source rule is applicable in this case. The Fifth Circuit has found that "the collateral-source rule appears incompatible with maintenance and cure." *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 381 (5th Cir. 2012). As explained by the Fifth Circuit, "[t]he collateral source rule is a substantive rule of law that bars a tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the *tortfeasor*." *Id.* (quoting *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994)) (emphasis in original). "On the other hand . . . maintenance and cure is an implied term of contract for maritime employment and is not 'predicated on the fault or negligence of the shipowner.'" *Id.* (quoting *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1013 (5th Cir.1994)). Therefore, "[b]ecause of the unique nature of maintenance and cure, normal rules of damages, such as the collateral source rule in tort, are not strictly applied." *Id.* (quoting *Gauthier v. Crosby Marine Serv., Inc.*, 752 F.2d 1085, 1089 (5th Cir. 1985)).

Even if the collateral-source rule is applicable here, the Court is not convinced that Hercules' payments do not constitute a collateral source. The Third Circuit has faced a similar issue, assessing "whether a shipowner is relieved of its maintenance and cure obligation when the injured seaman receives Social Security disability benefits and long-term disability payments provided by the shipowner." *Delaware River & Bay Authority v. Kopacz*, 584 F.3d 622, 629 (3d Cir. 2009). The court persuasively reasoned that if disability benefits can be categorized as wages,

payment of the benefits should not relieve the shipowner of his obligation to pay maintenance and cure. *Id.* On the other hand, if the benefits are narrowly tailored to satisfy the shipowner's maintenance and cure duties, the shipowner is not required to pay additional benefits. *Id.* Hercules similarly argues that if benefits intend to respond to legal liability, the benefits do not constitute a collateral source.

Hercules writes, however, that the purpose of the disability benefits is "to provide the injured or ill employee with a percentage of their salary in order to continue to provide for himself while the employee is unable to return to work." (Rec. Doc. 25-1, at 13-14). Thus, the facts are simply not strong enough to support Hercules' argument that the disability benefits here served to respond to legal liability. A reasonable fact-finder could instead find that the benefits resemble wages. Thus, considering the lack of clarity on whether the collateral-source rule is applicable and the weakness of the facts on whether the disability benefits should be classified as a collateral source, the Court finds that a declaration on this matter would be premature.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment and Request for Declaratory Judgment (Rec. Doc. 25)** filed by Defendant Hercules is **DENIED**.

December 7, 2015

                                                  JUDGE JAY C. ZAINEY
                                                  UNITED STATES DISTRICT JUDGE